UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA ORLANDO DIVISION

CASE NO.: 6:20-CV-2-ORL-40GJK

SHARON GAIL TUCKER, as Guardian of V. C., a minor child,

    Plaintiff,

vs.

EVENFLO COMPANY, INC.,

    Defendant.

_____

**JOINT MOTION TO BRIEFLY EXTEND THE MEDIATION DEADLINE FROM MARCH 15, 2021 TO APRIL 7, 2021 IN THE CASE MANAGEMENT AND SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rules of the United States District Court for the Middle District of Florida 3.05, 3.09, and 9.05, Plaintiff (SHARON GAIL TUCKER, as Guardian of V. C., a minor child) and Defendant (EVENFLO COMPANY, INC.) (collectively, "the Parties"), by and through their respective undersigned counsel, for good cause, hereby move for a limited and brief extension of the mediation deadline contained in the Court's March 20, 2020 Case Management and Scheduling Order ("Scheduling Order"). [D.E. 33]. Specifically, in light of the Court permitting the Parties' prior modifications to the Scheduling Order, the Parties respectfully request the Court's permission to extend the deadline to complete mediation from March 15, 2021 to April 7, 2021. [D.E. 61].

The current deadline to complete mediation set forth in Scheduling Order is March 15, 2021. The Parties only request a brief extension of this deadline so as to complete mediation by April 7, 2021. This requested modification is necessary so as to conform to the updated discovery deadline. If the Court is inclined to grant this request, the Parties and the mediator are all available and ready to attend mediation on April 7, 2021.

This motion is made in good faith and not for the purpose of delay. The narrowly tailored modification of the mediation deadline will not require modification or delay to any other Scheduling Order deadlines.

**1.   Background and Procedural History**

This is a products liability case involving a child booster seat manufactured by Evenflo Company, Inc. ("Evenflo"). Plaintiff, SHARON GAIL TUCKER, as guardian for V.C., a minor, filed suit against Evenflo in the Ninth Judicial Circuit, in and for Orange County, Florida. Evenflo was served with the Complaint on December 4, 2019. This case was subsequently removed on January 2, 2020 to the Middle District of Florida in the Orlando Division.

The Court entered the governing Scheduling Order on March 20, 2020. On December 7, 2020, the Court granted the Parties' prior request to extend the deadlines only as to expert disclosure, completion of discovery, and dispositive, *Daubert*, and *Markman* motions. [D.E. 61].

The Parties previously filed their notice as to the currently scheduled meditation on April 3, 2020. The current mediation, which the Parties seek to modify, is scheduled for March 9, 2021 with Michael C. Siboni, Esq. The Parties are seeking to move this previously scheduled date to April 7, 2021.

**2.   Memorandum of Law**

A decision whether to grant or deny a motion to modify the Scheduling Order is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Pursuant to Fed. R. Civ. P. 16(b)(4), a party requesting amendment to a Scheduling Order must first make a showing of good cause. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). To show good cause, "a party must establish that, despite his diligence, the deadline could not be met." *Id*. at 1419; *see also United States ex rel. Walker v. R & F Props. of Lake Cty., Inc*., No. 5:02-cv-131-Oc-10GRJ, 2008 U.S. Dist. LEXIS 29174, at *5 (M.D. Fla. Apr. 9, 2008). If the parties diligently

and timely pursue their rights but for reasons other than their own negligence are unable to comply with the Court's deadline, the Court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539-40 (M.D. Fla. 1997).

Local Rule 3.09(a) of the U.S. District Court, Middle District of Florida, provides in relevant part that "a continuance may be allowed by order of the Court for good cause shown." The Court's current Scheduling Order in this case states that the Court will grant an exception only when necessary to prevent manifest injustice. [D.E. 33].

Local Rule 9.05 of the U.S. District Court, Middle District of Florida governs the scheduling of the mediation conference. Although the Court has the only authority to extend the last day to mediate, Local Rule 9.05(d) states that "the mediator may, with the consent of all parties and counsel, reschedule the mediation conference to a date certain not later than fourteen (14) days prior to the scheduled trial date, [but] [a]ny continuance beyond that time must be approved by the presiding judge."

      a.    *Modification of the Mediation Deadline Is Appropriate*

The Parties are requesting a brief extension of the deadline for mediation, which will not impact the previously set trial date. The purpose of this modification is to accommodate the revised April 1, 2021 discovery deadline. In order to ensure a meaningful mediation the Parties prefer the mediation to take place after the discovery deadline. The modification requested is narrow and limited, with the only change being the mediation deadline extended from March 15, 2021 to April 15, 2021.  The proposed date is compliant with Local Rule 9.05(d), as the trial term is set to begin September 6, 2021, which provides sufficient time for an April 7, 2021 mediation. No other modifications or extensions are sought by this motion.

**3.    Conclusion**

The Parties respectfully request that the Court exercise its discretion and permit the requested modification of the mediation deadline for good cause stated herein. The Parties therefore respectfully request that the Court modify the Scheduling Order to reflect the new proposed deadline for mediation as April 7, 2021.

<b><u>LOCAL RULE 3.01(G) CERTIFICATE</u></b>

Pursuant to Rule 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida, counsel conferred regarding the relief requested. The Parties have agreed to the relief requested and have filed this motion jointly.

<b><u>CERTIFICATE OF SERVICE</u></b>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via *Electronic Mail* on this **16th** day of **December, 2020** to:

> **Carter W. Scott, Esq**., cws@searcylaw.com,  Scottteam@searcylaw.com, and **James W. Gustafson, Jr., Esq**., jwg@searcylaw.com,  Gustafsonteam@searcylaw.com, Searcy Denney Scarola Barnhart & Shipley, P.A., (*Attorneys for Plaintiff*), 517 North Calhoun Street, Tallahassee, FL 32301.
>
> **Jeffrey D. Rowe, Esq**., and **Doug Gentile, Esq**., jrowe@rousepc.com, dgentile@rousepc.com, Rouse Frets White Goss Gentile Rhodes, P.C., (*Co-Counsel for Plaintiff*), 5250 West 116th Place, Suite 400, Leawood, Kansas 66211.
>
> **Dan Ball, Esq. and Richard Cassetta, Esq**., dhball@bclplaw.com, richard.cassetta@bclplaw.com, Bryan Cabe Leighton Paisner, LLP, (*Co-Counsel for Evenflo Company, Inc.*), One Metropolitan Square, 211 North Broadway, Suite 3600, St. Louis, MO 63102.

*Case No.: 6:20-CV-2-ORL-40GJK*

HINSHAW & CULBERTSON LLP
*/s/ Alec J. Zavell*
_____
Arthur J. Laplante, Esq.
Florida Bar No. 384501
April M. Zloch-Dahl, Esq.
Florida Bar No. 88601
Alec J. Zavell, Esq.
Florida Bar No. 1002904
Primary: alaplante@hinshawlaw.com
adahl@hinshawlaw.com
azavell@hinshawlaw.com
Secondary: sstephenson@hinshawlaw.com
Office: ftllitigation@hinshawlaw.com
One East Broward Boulevard
Suite 1010
Ft. Lauderdale, FL 33301
Telephone: 954-467-7900
 and

Dan H. Ball (admitted pro hac vice)
Richard P. Cassetta, Esq. (admitted pro hac vice)
dhball@bclplaw.com
richard.cassetta@bclplaw.com
Bryan Cave Leighton Paisner, LLP
211 N. Broadway
St. Louis, MO 63102
Telephone:  314-259-2000
Facsimile:  314-259-2020
**Attorneys for Defendants EVENFLO COMPANY, INC.**

*Case No.: 6:20-CV-2-ORL-40GJK*

 

                                       _____

**JAMES W. GUSTAFSON, JR.**
Florida Bar No.: 0008664
Attorney E-Mail: jwg@searcylaw.com
Primary E-Mail: _GustafsonTeam@searcylaw.com
**CARTER W. SCOTT**
Florida Bar No.: 111757
Attorney E-Mail: cws@searcylaw.com
Primary E-Mail: _ScottTeam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, PA
517 N. Calhoun Street
Tallahassee, FL 32301
Phone: (850) 224-7600
Fax: (561) 383-9446

AND

**JEFFREY D. ROWE**
Attorney E-Mail: jrowe@rousepc.com
Rouse Frets White Goss Gentile Rhodes, P.C.
5250 West 116th Place, Suite 400
Leawood, KS 66211
Phone: (913) 387-1600
Fax: (913) 928-6739

**Counsel for Plaintiff**