## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA ORLANDO DIVISION

SHARON GAIL TUCKER, as Guardian of
V. C., a minor child,

       CASE NO.: 6:20-CV-2-ORL-40GJK

      Plaintiff,

vs.


EVENFLO COMPANY, INC.,

      Defendant.

_____

### DEFENDANT EVENFLO COMPANY, INC.'S REPLY IN
### SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT (Doc # 80)

      Plaintiff's Memorandum in Opposition to Evenflo's Motion for Summary Judgment (Doc # 106) ("Opposition") omits adequate responses to the dispositive legal grounds that Evenflo raises. The Opposition inaccurately characterizes nearly every fact as "disputed," apparently hoping the Court will look no further and forego actual consideration of whether Evenflo is entitled to summary judgment. Yet, Plaintiff cites no authorities that hold Evenflo has a duty to include the warning Mr. Whitman proposes, and the evidence is uncontroverted that there was no proximate causation between the proposed warning or alleged fraud and V.C.'s injuries.

      Plaintiff's theory of liability hinges, literally, on one inch and a purported legal duty to warn that is not recognized in Florida law.[1] Mr. Whitman opines that the Big Kid should state that "all children . . . should use a forward facing CRS with a harness

---

[1] Plaintiff concedes summary judgment is appropriate on any design defect theory that is alleged in Counts I and II of the Amended Complaint. (Doc # 106 at 1, fn. 1).

for as long as possible, up to the highest weight or height allowed by the manufacturer of their CRS" because "[a] substantial increased in scientific evidence has established that there is a safety advantage for young children to remain in CRSs with a harness for as long as possible." (Doc # 106, at 3).  Plaintiff does not dispute that V.C. was 44 inches[2] tall when the accident occurred, or that her mother possessed another child seat with a harness with a maximum height requirement of 45 inches.[3]  Therefore, according to Plaintiff, had Evenflo included Mr. Whitman's warnings, V.C.'s mother would not have transitioned V.C. to the Big Kid, and V.C. would not have suffered these injuries.[4]  V.C. was about one inch from being too tall for the Alpha Omega.  If she had been taller than 45 inches, according to Mr. Whitman's guidelines, she could have safely used the Big Kid.  The fraud claims hinge on Plaintiff's testimony that she relied on the side-impact tested representation when she purchased the Big Kid for her daughter's children years before the accident.  (*See* Doc # 106, at 19-20).

---

[2] Evenflo has evidence that V.C. was taller than 45 inches when the accident occurred, but for purposes of this motion the Court may assume she was 44 inches.  (Doc # 80 at 8, fn. 3).

[3] The Opposition does not provide a specific height for V.C. or reference at all her Alpha Omega seat. This is simply one of many examples of how Plaintiff's statement of "material facts" is replete with omissions of inconvenient evidence, misstatements, and unreasonable evidentiary inferences.  Nor does the Stipulation of Agreed Material Facts (Doc # 105) accurately reflect the truly uncontroverted evidence.  Evenflo on two separate occasions proposed multiple additional stipulated facts.  Plaintiff unreasonably refused to stipulate to many basic facts, for which the Opposition cites no controverting evidence, including for example that: the Big Kid is a BPB; NHTSA regulates BPBs; all major child seat manufacturers have sold BPBs; BPBs are one of several types of child seats; V.C. was at least 44 inches tall when the accident occurred; the Alpha Omega could be used forward-facing with a 5-point harness or as a BPB; Ms. Conley relied on V.C.'s height and weight when transitioning her to the Big Kid.  If Plaintiff had addressed the stipulation process reasonably, the stipulation presented by the parties would have been more robust.

[4] Of course if V.C. were actually 45.5 inches tall or if Plaintiff had purchased a convertible seat that had a forward facing limit of 43 inches or 40 inches instead of the Alpha Omega, she would have no liability theory against Evenflo.  (*See* Doc 80-2 at 12 (listing eight convertible, 5-point harness seats on the market in 2012 with height limits of 40 or 43 inches)).

The Opposition, however, fails to address the central legal deficiency with her liability theory—that Evenflo has no duty to warn consumers who purchased a Big Kid that a child seat with a 5-point harness design may be safer in some crash scenarios. (*See* Doc # 106, at 11 (claiming only that Evenflo's argument is a "straw man"). The Opposition also fails to controvert undisputed evidence in two other dispositive areas: that Ms. Conley would not have heeded Mr. Whitman's warning by placing V.C. in a 5-point seat at the time of the accident; and that Ms. Conley did not rely on the "side-impact tested" representation when she transitioned V.C. to the Big Kid, breaking the causal chain between the claimed fraud and injury.   Without sufficient factual and legal responses from Plaintiff, summary judgment should be entered on all claims.

## I.    There is No Disputed Material Fact That Precludes Summary Judgment.

No evidence cited in the Opposition creates a material factual dispute that precludes summary judgment.  Plaintiff cites no evidence disputing that the child seat market contains different types of products, each offering different features based on the child's size and age.   (Doc # 80-2).  Plaintiff cites no evidence disputing that V.C. was 7 years old, measured at least 44 inches tall, or that Mr. Whitman opined that a 6-year old child who was 44 inches tall could appropriately use the Big Kid. (Doc # 80-7 at 52:17-53:8).  Plaintiff only cites further testimony from Mr. Whitman where he states that a child who otherwise meets his age and size requirements for a BPB still should not use the Big Kid if a 5-point harness seat is available to them.  (Doc # 106 at 3 (citing Doc # 80-11, pp. 32-39)).   This testimony provides the basis for Mr. Whitman's proposed warning, which Evenflo submits it has no legal duty to provide.

3

Nor is there a material factual dispute concerning Plaintiff's fraudulent representation and concealment claims that are premised on the Big Kid's side-impact representation. There is no dispute that Plaintiff testified she relied on the "side-impact tested" representation when purchasing the Big Kid years before the accident. (Doc # 80 at 25; Doc # 106 at 19). But the time of the purchase is not the critical time. Evenflo cited evidence that (1) V.C.'s mother Ms. Conley, not Plaintiff, determined when V.C. should transition to the Big Kid from the 5-point seat one or two years after Plaintiff purchased the Big Kid; (2) Ms. Conley has no recollection of ever receiving or reading anything on the box where the side-impact representation was located; and (3) Plaintiff has no recollection of telling her Ms. Conley that the Big Kid was side-impact tested. (Doc # 80 at 25 (citing appropriate supporting evidence). The Opposition cites no evidence that controverts any of these three factual realities; indeed, Plaintiff cites no evidence whatsoever that permits an inference that Ms. Conley was exposed to, let alone relied upon, the side-impact tested representation when she transitioned V.C. to the Big Kid. (*See* Doc # 106 at 19-20).

The core theme of Plaintiff's Opposition is that factual disputes preclude consideration of the legal arguments that Evenflo raised in its motion for summary judgment. But that is simply not correct. The material evidence that supports entry of summary judgment in favor of Evenflo—V.C.'s age and size, Mr. Whitman's proposed usage requirements, the seating positions of V.C.'s sisters, and Ms. Conley's exposure to the "side-impact tested" representation—is all undisputed.

4

## II.    Plaintiff's Failure to Warn and Fraudulent Omission Claims Fail.

### A.    Evenflo Has No Legal Duty to Inform Consumers that a 5-Point Harness Seat Provides Better Side-Impact Protection.

The Opposition fails to respond at all to the central legal failure of their case: Florida law does not impose liability on a product manufacturer if the manufacturer does not warn that another product may offer more safety.  (*See* Doc # 80 at 15-18 (collecting numerous sources).  Plaintiff instead short thrifts this legal deficiency by labeling it a "strawman" and moves on.  (Doc # 106 at 11).  But Evenflo did not construct a strawman; Evenflo showed the legal failure of Mr. Whitman's opinions.

The Big Kid is a BPB seat; it is not a 5-point harness seat.  And NHTSA has promulgated specific regulations for each type of child seat.  *See* 49 CFR § 571.213, S4 (defining "Belt-positioning seat").  The Big Kid and 5-point harness seats offer different features at different price points, and Plaintiff provided no evidence otherwise.  (*See generally* Doc # 80-2).  Sure, both BPBs and 5-point harness seats serve an overlapping consumer market, but that is true of trucks and sedans, pneumatic nailer models (*see* Doc # 80 at 17), and countless other products in nearly every consumer market.  That does not mean manufacturers have a legal duty to include warnings that compare the safety of the various products in their specific consumer market.

Plaintiff fails to cite a single authority that holds that Evenflo had a legal duty under Florida law to warn Big Kid consumers that a different type of child seat, one with a 5-point harness seat, offered "a safety advantage for young children".  (Doc # 106 at 11).  Plaintiff's citation to *Giddens v. Denman Rubber Mfg. Co.*, 440 So. 2d 1320,

1322 (Fla. Dist. Ct. App. 1983) and *Lidey v. Moser's Rides, SRL*, No. 8:16-CV-1241-EAK-JSS, 2018 WL 6308690, at *7 (M.D. Fla. Aug. 13, 2018) are irrelevant as neither case involved warnings about comparisons to other products. *Giddens* concerned whether a tire manufacturer adequately warned that a 16 inch tire should not be mounted on a 16.5 inch diameter rim. 440 So. 2d at 1321-22. *Lidey* determined that a defendant who designed an amusement ride in a "generally disfavored" and "unsafe" way, that required service persons to stand under the ride, could be liable for failing to warn that certain additional precautions should be taken before assembling the ride. 2018 WL 6308690, at *7. Plaintiff, here, has no evidence that the Big Kid is designed in an "unsafe" or "generally disfavored" way—indeed, Plaintiff concedes there is no design defect claim with the Big Kid at all.

Plaintiff baselessly accuses Evenflo of "misrepresenting" her theory of liability. But it is Plaintiff's expert Mr. Whitman who is unequivocally faulting Evenflo for failing to compare the safety profile of the Big Kid to that of 5-point harness seats. Evenflo has no duty as a matter of Florida law to warn purchasers of the Big Kid that 5-point harness seats may offer more safety.

### B. Exclusion of Either Mr. Whitman or Dr. Fijalkowski's Testimony Necessitates Entry of Summary Judgment.

The Opposition asserts that her warnings-based claims can proceed to trial even if Mr. Whitman's opinions are stricken. Plaintiff's only citation is to *Hall v. Sunjoy Indus. Grp., Inc.*, 764 F. Supp. 2d 1297, 1304 (M.D. Fla. 2011), which she claims holds that under Florida law no expert testimony is needed if the manufacturer knew or

should of known of the "dangerous propensities" with the product.  (Doc # 106 at 12).

Plaintiff ignores that *Hall* states that "[a] claim that a warning was necessary and that

the failure to warn rendered a product unreasonably dangerous and defective requires

a warnings expert."  764 F. Supp. 2d at 1303-04.  Plaintiff also misleadingly omits the

disjunctive "or" from her *Hall* quote ("Plaintiffs' failure to present any expert testimony

regarding a defect in the manufacture of the chair (as discussed supra), **or** that the chair

contained dangerous propensities that were known or knowable to Defendants,

requires summary judgment on this claim"), which makes clear that plaintiff's failure

to produce evidence of the defendant's knowledge of the claimed "dangerous

propensities" was an independent, alternative ground for granting summary judgment

on a warnings claim.  Absent admissible expert testimony, Plaintiff's claims here fail.

### C.  There is No Reasonable Inference From This Record that Ms. Conley Would Have Followed Mr. Whitman's Proposed Warnings.

Plaintiff does not dispute that under Florida law there must be evidence from

which a factfinder can reasonably determine that Mr. Whitman's proposed warnings

concerning the 5-point harness seat would have prevented the injury.  (Doc # 106 at

14).  Nor does Plaintiff cite evidence controverting that Ms. Conley made the decision

to transition V.C. to the Big Kid and that when the accident occurred Ms. Conley's

two other children were seated in manner that did not heed the height, weight, and

age statements on the Big Kid manual.  (Doc # 80 at 24-25).  Plaintiff's only response

is that Ms. Conley testified she would have heeded Mr. Whitman's proposed warnings

concerning a 5-point harness even though she did not heed recommendations for her

other two children on the day of the accident.    (Doc # 106 at 15).  This Court can disregard Ms. Conley's "conclusory factual allegations, even when under oath," because they "contradict[] the evidence" showing that she would not have followed the proposed warnings.  *Hall*, 764 F. Supp. 2d at 1303-04 (collecting cases) (quotations omitted).  Plaintiff has presented no competent evidence from which it can reasonably be inferred that Ms. Conley would have kept V.C. in a 5-point harness if Mr. Whitman's proposed warning had been present.

## III.   Plaintiff's Fraudulent Misrepresentation Claim Concerning Evenflo's Side-Impact Testing Representation Fails As a Matter of Law.

Plaintiff's fraudulent misrepresentation claim is premised on Big Kid marketing statements "Safety. So Simple!," "Side Impact Tested," and "Best for Baby" accompanying the Big Kid, while her fraudulent omission claim is additionally premised on the absence of disclosure of the details of Evenflo's side-impact testing. (*See* Doc # 106 at 17 (stating the technical truth of "side impact tested" is "meritless" because Florida recognizes fraudulent omissions).   Summary judgment should be entered on both the fraudulent misrepresentation and fraudulent omission claims.

### A.   "Safety. So Simple!" and "Best for Baby" are Not Actionable.

These statements are textbook nonactionable puffery under Florida law (*see* Doc # 80 at 22 (collecting cases)), and the Opposition does not cite any authorities stating otherwise or respond to Evenflo's legal authorities at all.  Plaintiff cites only this Court's order denying Evenflo's motion to dismiss, claiming the Court has already found these statements to be actionable.  (*See* Doc # 106 at 16 (citing Doc # 35)).  That

8

is not correct.   Evenflo's motion to dismiss was based on a failure to plead the claims with Rule 9(b) particularity (Doc # 21), which the Court denied.  The Court has never ruled on whether the statements "Safety. So Simple!" and "Best for Baby" are non-actionable puffery, which they clearly are under Florida law.

### B.   Because there is No Evidence Ms. Conley Relied On the "Side-Impact Tested" Representation in Using the Big Kid With V.C., the Fraudulent Misrepresentation and Concealment Claims Fail For Lack of Causation.

The Opposition cites no evidence that permits an inference that Ms. Conley was exposed to, let alone relied on, the "side-impact tested" representation that lays at the heart of Plaintiff's fraud claims.  Evenflo cited testimony from Ms. Conley and Plaintiff establishing that (1) Ms. Conley solely determined V.C. should transition to the Big Kid; (2) Ms. Conley's decision was based solely on V.C.'s height and weight; (3) Ms. Conley has no recollection of receiving or reading the Big Kid box where the side-impact tested representation was located; and (4) Plaintiff has no recollection of telling her daughter that the Big Kid was "side-impact tested."   (Doc # 80 at 25).   The Opposition did not cite any evidence that controverts these points.   Plaintiff only presented evidence that she reviewed and relied on the "side-impact tested" representation when she purchased the Big Kid for her daughter's children years before Ms. Conley made the decision to use the Big Kid with V.C.  (Doc # 106 at 19 (citing Plaintiff's deposition testimony)).   Accordingly, there is no material factual dispute about the key element of proximate cause.

None of the authorities Plaintiff cites support her position.  (*See* Doc # 106 at 18).   The Florida Supreme Court in *Butler v. Yusem* held that "[j]ustifiable reliance is

not a necessary element of fraudulent misrepresentation," which simply means that a plaintiff is not required to "investigate[] the truth of the misrepresentation." 44 So. 3d 102, 105 (Fla. 2010).   *Butler* says nothing about the causation deficiency here.   The appellate court in *Philip Morris USA, Inc. v. Duignan*, the other case Plaintiff cites, makes clear that, despite that defendant framed its challenge to a jury instruction in terms of reliance, the legal issue at hand concerned the legal duty to disclose. 243 So. 3d 426, 442 (Fla. Dist. Ct. App. 2017).   Thus, neither of the cases Plaintiff cites actually have anything to do with the proximate cause element that Evenflo is challenging.

For Plaintiff to maintain a fraud claim she must demonstrate "a causal connection" between Evenflo's alleged misrepresentations and V.C.'s injuries.   (Doc # 80 at 24 (citing cases)).   Here, that causal chain breaks down.   Although Plaintiff said she relied on the "side-impact tested" statement when she purchased the Big Kid as V.C was "approaching four" years, Ms. Conley did not begin using the Big Kid with V.C. until V.C. was 5 or 6 years old.   (*Id.* at 7).   It is uncontroverted that Ms. Conley had no recollection of exposure to the "side-impact tested representation" and did not rely on that representation when she began using the Big Kid with V.C.   There is thus no evidence that the "side impact tested" language affected the decision to use the Big Kid with V.C. at the time of the accident.   This severs as a matter of law the "causal connection" between V.C.'s injuries and the "side-impact" representation.

## IV.   CONCLUSION

For these additional reasons, Evenflo respectfully requests this Court to enter summary judgment in its favor on all counts asserted in the Amended Complaint.

Dated this 16th day of June, 2021.

s/ Daniel J. Gerber
DANIEL J. GERBER, ESQUIRE
Florida Bar No. 0764957
E-mail: dgerber@rumberger.com
RUMBERGER, KIRK & CALDWELL
A Professional Association
300 South Orange Avenue, Suite 1400 (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: 407-872-7300
Telecopier: 407-841-2133

APRIL M. ZLOCH-DAHL, ESQUIRE
Florida Bar No. 88601
ALEC J. ZAVELL, ESQUIRE
Florida Bar No. 1002904
Primary: alaplante@hinshawlaw.com
ahdahl@hinshawlaw.com
azavell@hinshawlaw.com
Secondary: sstephenson@hinshawlaw.com
Office: ftliigation@hinshawlaw.com
HINSHAW & CULBERTSON LLP
One East Broward Boulevard
Suite 1010
Ft. Lauderdale, FL 33301
Telephone: 954-467-7900

DAN H. BALL, ESQ. (admitted pro hac vice
E-mail: dhball@bclplaw.com
RICHARD P. CASSETTA, ESQ. (admitted pro
hac vice)
E-mail: richard.cassetta@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
211 N. Broadway
St. Louis, MO 63102
Telephone: 314-259-2000
Facsimile: 314-259-2020
**Attorneys for Defendant,**
**Evenflo Company, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 16th, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

**Carter W. Scott, Esq**., cws@searcylaw.com, _Scottteam@searcylaw.com, and **James W. Gustafson, Jr., Esq**., jwg@searcylaw.com, _Gustafsonteam@searcylaw.com, Searcy Denney Scarola Barnhart & Shipley, P.A., (*Attorneys for Plaintiff*), 517 North Calhoun Street, Tallahassee, FL 32301

**Jeffrey D. Rowe, Esq**., and **Doug Gentile, Esq**., jrowe@rousepc.com, dgentile@rousepc.com, Rouse Frets White Goss Gentile Rhodes, P.C., (*Co-Counsel for Plaintiff*), 5250 West 116th Place, Suite 400, Leawood, KS 66211

**Christian D. Searcy, Esq.,** Searcyteam@searcylaw.com **Searcy Denney Scarola Barnhart & Shipley, P.A., (***Co-Counsel for Plaintiff***),** 2139 Palm Beach Lakes Blvd., West Palm Beach, FL 33409

**April M. Zloch-Dahl, Esq.,** and **Alec J. Zavell, Esq.** alaplante@hinshawlaw.com, ahdahl@hinshawlaw.com, azavell@hinshawlaw.com, sstephenson@hinshawlaw.com, ftliigation@hinshawlaw.com, Hinshaw & Culbertson LLP, **(***Co-Counsel for Evenflo Company, Inc.***),** One East Broward Boulevard, Suite 1010, Ft. Lauderdale, FL 33301

**Dan Ball, Esq. and Richard Cassetta, Esq**., dhball@bclplaw.com, richard.cassetta@bclplaw.com, Bryan Cave Leighton Paisner, LLP, (*Co-Counsel for Evenflo Company, Inc.*), One Metropolitan Square, 211 North Broadway, Suite 3600, St. Louis, MO 63102

*s/ Daniel J. Gerber*
DANIEL J. GERBER, ESQUIRE
Florida Bar No. 0764957
RUMBERGER, KIRK & CALDWELL

15239941.v1